# EXHIBIT A

## ALABAMA SJIS CASE DETAIL

PREPARED FOR: JULIE PEARCE



County: **29**   Case Number: **CV-2022-900283.00**   Court Action:

Style: **HARRIET MURRAY V. WALMART, INC. C/O CT CORPORATION SYSTEM ET AL**



### Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 12/9/2022 | 11:55 AM | ECOMP | COMPLAINT E-FILED. | LAW051 |
| 12/9/2022 | 11:55 AM | FILE | FILED THIS DATE: 12/09/2022          (AV01) | AJA |
| 12/9/2022 | 11:55 AM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 12/9/2022 | 11:56 AM | ASSJ | ASSIGNED TO JUDGE: SIBLEY G. REYNOLDS     (AV01) | AJA |
| 12/9/2022 | 11:56 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 12/9/2022 | 11:56 AM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 12/9/2022 | 11:56 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 12/9/2022 | 11:56 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 12/9/2022 | 11:56 AM | C001 | C001 PARTY ADDED: MURRAY HARRIET          (AV02) | AJA |
| 12/9/2022 | 11:56 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 12/9/2022 | 11:56 AM | C001 | LISTED AS ATTORNEY FOR C001: LAWRENCE HENRY ANDRE | AJA |
| 12/9/2022 | 11:56 AM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 12/9/2022 | 11:56 AM | D001 | D001 PARTY ADDED: WALMART, INC. C/O CT CORPORATION | AJA |
| 12/9/2022 | 11:56 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 12/9/2022 | 11:56 AM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 12/9/2022 | 11:56 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 12/9/2022 | 11:56 AM | D001 | CERTIFIED MAI ISSUED: 12/09/2022 TO D001     (AV02) | AJA |
| 12/9/2022 | 11:56 AM | D002 | D002 PARTY ADDED: CORDELL JUDY          (AV02) | AJA |
| 12/9/2022 | 11:56 AM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 12/9/2022 | 11:56 AM | D002 | PROCESS SERVE ISSUED: 12/09/2022 TO D002   (AV02) | AJA |
| 12/9/2022 | 11:56 AM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 12/9/2022 | 11:56 AM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 12/13/2022 | 1:12 PM | ESCAN | SCAN - FILED 12/13/2022 - RETURN RECEIPT | MAT |
| 12/16/2022 | 1:20 PM | D001 | SERVICE OF CERTIFIED MAI ON 12/13/2022 FOR D001 | MAT |
| 12/16/2022 | 1:21 PM | ESERC | SERVICE RETURN | MAT |
| 1/9/2023 | 11:03 AM | EAMEN | AMENDED COMPLAINT E-FILED. | LAW051 |
| 1/9/2023 | 11:03 AM | D003 | D003 PARTY ADDED: WALKER KIM          (AV02) | AJA |
| 1/9/2023 | 11:03 AM | D003 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 1/9/2023 | 11:03 AM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE          (AV02) | AJA |
| 1/9/2023 | 11:03 AM | D003 | PROCESS SERVE ISSUED: 01/09/2023 TO D003   (AV02) | AJA |
| 1/9/2023 | 11:03 AM | D003 | D003 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 1/12/2023 | 5:18 PM | ENOTA | NOTICE OF APPEARANCE E-FILED | PEA032 |
| 1/12/2023 | 5:18 PM | D001 | LISTED AS ATTORNEY FOR D001: PEARCE JULIE ELIZABE | AJA |
| 1/12/2023 | 5:18 PM | D001 | ANSWER OF COMP DENIED ON 01/12/2023 FOR D001(AV02) | AJA |
| 1/12/2023 | 5:18 PM | EANSW | D001 - COMPLAINT DENIED E-FILED. | PEA032 |
| 1/18/2023 | 3:22 PM | EMISC | RETURN ON SERVICE - SERVED E-FILED | LAW051 |
| 1/18/2023 | 3:27 PM | D003 | SERVICE OF PROCESS SERVE ON 01/17/2023 FOR D003 | MAT |
| 1/19/2023 | 2:24 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | PEA032 |
| 1/19/2023 | 2:38 PM | EMOT | D001-PROTECTIVE ORDER FILED. | PEA032 |
| 1/19/2023 | 3:24 PM | JEORDE | ORDER GENERATED FOR PROTECTIVE ORDER - RENDERED & ENTERED: 1/19/2023 3:24:57 PM - QUALIFIED PROTECTIVE ORDER | J |
| 1/19/2023 | 3:53 PM | EMOT | D001-PROTECTIVE ORDER /DOCKETED | MAL |

*END OF THE REPORT*

ELECTRONICALLY FILED
12/9/2022 11:55 AM
29-CV-2022-900283.00
CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA
MICHAEL DOZIER, CLERK

## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | |
|---|---|
| HARRIET MURRAY, an individual, §<br><br>Plaintiff, §<br><br>v. §<br><br>WALMART Inc., a corporation; §<br><br>JUDY CORDELL, an individual; § | CIVIL ACTION NO. _____ |

**HARRIET MURRAY, an individual,** §
§
§
**Plaintiff,** §
§
**v.** §
§
**WALMART Inc., a corporation;** §
§
**JUDY CORDELL, an individual;** §
§
**ABC,** being the person(s), firm(s) or corporation(s) which owned, operated, or controlled the subject store/premises located at 4583 US Highway 231 in Wetumpka, Alabama on January 13, 2021; §
§
§
§
§
§
§
**DEF,** being the person, firm, or corporation who was responsible for maintaining and keeping the entrances, exits, walkways, common areas, and/or aisles of the subject WALMART free of debris and tripping or slipping hazards at the time of the Plaintiff's injury; and §
§
§
§
§
§
§
§
**GHI,** being the individual manager or supervisory person at the subject WALMART who was responsible for maintaining and keeping the premises free of tripping/slipping hazards at the time of the Plaintiff's injury, whose true names and legal status are unknown to the Plaintiff at this time, but who will be added by amendment as soon as ascertained, §
§
§
§
§
§
§
§
§
§
**Defendants.** §
§

**CIVIL ACTION NO. _____**

## COMPLAINT

### I.  PARTIES

1.      The Plaintiff, HARRIET MURRAY, is an individual resident of Eclectic, Alabama.

2.      The Defendant, WALMART INC. (hereinafter referred to as "WALMART"), is a corporation which regularly does business in Elmore County, Alabama.

3.      The Defendant, JUDY CORDELL, is upon information and belief a resident of Elmore County. At all times relevant to this action, JUDY CORDELL was the general manager of the subject Walmart store located in Wetumpka, AL within Elmore County.

4.      The incident which forms the basis of this case occurred upon the WALMART premises located at 4583 US Highway 231 in Wetumpka, Alabama within Elmore County.

5.      It is upon the information and belief of the Plaintiff that the fictitious Defendants, ABC, DEF, and GHI are individual citizens and/or corporate entities doing business in the State of Alabama and within Elmore County at the time of the incident(s) made the basis of this action.

### II.  FACTS

6.      On or about January 13, 2021, the Plaintiff, HARRIET MURRAY, was a business invitee on the premises of the subject WALMART.

7.      As HARRIET MURRAY was attempting to exit the store, she was caused to trip over a metal (door) threshold that was sticking up in the high traffic entryway/exit area of the subject store/building.

8.      As a direct and proximate result of this metal threshold sticking upwards, she tripped, fell, and sustained severe and permanent injuries which led to multiple facial/eye surgeries.

### III.  FIRST CAUSE OF ACTION - NEGLIGENCE/WANTONNESS
### (WALMART, JUDY CORDELL and Fictitious Defendants ABC, DEF, GHI)

9.      Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

10.     The Plaintiff avers that all of her injuries and damages were proximately caused by the negligence and/or wantonness of the Defendant, WALMART, JUDY CORDELL, and/or Defendant(s) ABC, DEF, GHI and/or their agents, servants, or employees while acting within the line and scope of their employment for the Defendant(s).

11.     At the time of the incident which is the subject of this action, HARRIET MURRAY was a business invitee on the subject WALMART premises.  All of her injuries and damages were caused by the negligent and/or wanton failure of the Defendant(s), WALMART, JUDY CORDELL, and/or Defendant(s) ABC, DEF, and/or GHI to use reasonable care to provide HARRIET MURRAY with a reasonably safe environment and by not removing and/or curing the dangerous condition that the Defendant(s) created, by permitted the dangerous condition to exist, and/or by not discovering the dangerous condition in a reasonable timeframe to remove/cure/remedy the dangerous condition.

### VIII.  CAUSATION / DAMAGES

12.     As a direct and proximate result of the negligent and wanton acts or omissions of the Defendant(s), the Plaintiff suffered physically and emotionally, and now seeks to recover for the following injuries and damages:

(a)     Past medical expenses;

(b)     Future medical expenses;

(c)     Past and future wage loss including permanent impairment of earning capacity;

(d)     Permanent physical disability;

(e)     Past and future physical pain and mental anguish; and

(f)     All costs and interest(s) allowable by law

(g)     All other damages allowed by law, and/or deemed appropriate and equitable

by this Honorable Court.

## IX.  JURY DEMAND

13.     **The Plaintiff respectfully demands trial by jury.**

Respectfully submitted,

/s/ Henry A. Lawrence, III
HENRY A. LAWRENCE, III (LAW051)
*Attorney for Plaintiff*
**WETTERMARK KEITH**
100 Grandview Place
Suite 530
Birmingham, AL 35243
P. (205) 212-3348
F. (205) 747-3798
E. HLawrence@wkfirm.com

## PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL

WALMART INC.
C/O CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

## PLAINTIFF WILL SERVE DEFENDANT JUDY CORDELL IN PERSON

JUDY CORDELL
14246 County Road 24
Verbena, AL 36091

# IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

**HARRIET MURRAY, an individual,**                 §
                                                    §
                                                    §
**Plaintiff,**                                      §      **CIVIL ACTION NO. _____**
                                                    §
**v.**                                              §
                                                    §
**WALMART Inc., a corporation;**                    §
                                                    §
**ABC, being the person(s), firm(s) or**            §
**corporation(s) which owned, operated, or**        §
**controlled the subject store/premises**           §
**located at 4583 US Highway 231 in**               §
**Wetumpka, Alabama on January 13,**                §
**2021;**                                           §
                                                    §
**DEF, being the person, firm, or**                 §
**corporation who was responsible for**             §
**maintaining and keeping the entrances,**          §
**exits, walkways, common areas, and/or**           §
**aisles of the subject WALMART free of**           §
**debris and tripping or slipping hazards at**      §
**the time of the Plaintiff's injury; and**         §
                                                    §
**GHI, being the individual manager or**            §
**supervisory person at the subject**               §
**WALMART who was responsible for**                 §
**maintaining and keeping the premises**            §
**free of tripping/slipping hazards at the**        §
**time of the Plaintiff's injury, whose true**      §
**names and legal status are unknown to the**       §
**Plaintiff at this time, but who will be**         §
**added by amendment as soon as**                   §
**ascertained,**                                    §
                                                    §
**Defendants.**

## PLAINTIFF'S INTERROGATORIES TO WALMART INC.

**COMES NOW** the Plaintiff, HARRET MURRAY, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the following Interrogatories to the Defendant, WALMART, INC. (hereinafter referred to as "WALMART") as follows:

1.      Please state the full name, address, job title, and present employer of each person answering and assisting in answering these interrogatories on behalf of this defendant.

**ANSWER:**

2.      State the name and address of the owner of the WALMART store related to this suit.

**ANSWER:**

3.      State the name and address of the person or entity in exclusive possession and/or control of the subject store on at the time of the incident in question.

**ANSWER:**

4.      State the name and address of the person or entity in control of that area of the premises where the incident in question occurred at the time of the occurrence.

**ANSWER:**

5.      State the name and address of each person, including experts, witnesses, employees, or any other individual, who may have knowledge of relevant facts related to the accident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

**ANSWER:**

6.      State the name, address, and telephone number of any persons who witnessed the occurrence in question.

**ANSWER:**

7.      State the name and address of any potential party to this lawsuit, not already named as a party hereto.

**<u>ANSWER:</u>**

8.      Please state whether WALMART has any recorded statement(s) of any kind from the Plaintiff or from any other individual(s) concerning this action or its subject matter and which is in your possession, custody, or control.

**<u>ANSWER:</u>**

9.      Pursuant to <u>*Ex Parte Badham*</u>, 730 So.2d 135 (Ala. 1999), state the names of the carriers and the applicable monetary policy limit(s) for each policy of insurance owned by this Defendant on the date forming the basis of the present civil action that may provide coverage on the subject vehicle and/or may provide coverage under a general liability policy, as well any other coverage that may be triggered by the allegations contained in the Plaintiffs' Complaint, including, but not limited to, excess, secondary, umbrella and/or errors/omissions coverage.

**<u>ANSWER:</u>**

10.     Describe in your own words how the incident made this basis of this suit occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

**<u>ANSWER:</u>**

11.     Describe in detail any conversations you have had with the plaintiff or plaintiff's representative following the incident in question.

**<u>ANSWER:</u>**

12.     State the full name, current address, telephone number, qualifications, and present employment of each person who you expect to call as an expert witness at the trial of this case, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert.

**ANSWER:**

13.     Please state your full name and correct title and position within the organizational structure of the entity identified in the answers to the following questions, at the present and on the date of the occurrence in question.

**ANSWER:**

14.     Please state the full and correct name of the defendant's corporate entity, the date on which said entity was formed/incorporated, the state of incorporation, the names and addresses of all officers, and when the corporation was licensed to do business in the State of Alabama.

**ANSWER:**

15.     Please describe in detail any previous incidents of which the defendant is aware which occurred in substantially the same way as the plaintiff's incident or in the same or nearby location during the previous five (5) years.

**ANSWER:**

16.     Please describe in detail any changes that have been made by the defendant to the physical site of the incident or to the warnings or signs relating thereto since the occurrence in question.

**ANSWER:**

17.     If you have entered into or reached any type of settlement agreement with any person or entity (whether a party to this lawsuit or not) regarding the incident made the basis of this lawsuit, please identify all parties to said settlement agreement and the terms and conditions of such settlement agreement.

**ANSWER:**

18.     Did the defendant conduct an investigation of the incident which forms the basis of this suit or generate any incident report(s)? If so, please identify the title and nature of the investigation/report(s) and provide copies thereof.

**ANSWER:**

19.     Is it, or was it at the time of the accident made the basis of this lawsuit, the regular course of business and standard procedure for the defendant to investigate any incident on the premises wherein somebody was injured?

**ANSWER:**

20.     If there was an investigation made of the incident that forms the basis of this suit, please state whether the defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which defendant was aware at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

**ANSWER:**

21.     Please state the name of the person or persons who conducted the investigation of the occurrence in question.

**ANSWER:**

22.     What is the defendant's contention as to the cause of the accident which forms the basis of this suit?

**ANSWER:**

23.     What is the defendant's contention as to the plaintiff's legal status on the premises at the time of the occurrence in question, i.e., whether plaintiff was a business invitee, licensee, or trespasser?

**ANSWER:**

24.     If you contend that the plaintiff was not a business invitee at the time of the occurrence in question, please state and describe each fact, document or thing on which you base such a contention.

**ANSWER:**

25.     When was the date and time of the last inspection by defendant, its agents or employees, of the physical site where this accident occurred?

**ANSWER:**

26.     Please state whether the defendant was aware of the defect or condition which plaintiff alleges to be the cause of the occurrence in question.

**ANSWER:**

27.     Describe what efforts the defendant made to warn of the condition or defect which plaintiff alleges to be the location and cause of the occurrence in question.

**ANSWER:**

28.     What is the defendant's contention as to the plaintiff's knowledge (before the accident), objective or subjective, of the defect or condition which the plaintiff alleges to be the cause of the occurrence in question?

**ANSWER:**

29.     Please describe any claims or lawsuits that have heretofore been brought against this defendant by reason of an accident or injury at the same or similar location, or a similar type of accident on the defendant's premises at some other location, within the last five (5) years.

**ANSWER:**

30.     What efforts were made by the defendant to correct the condition or defect, which plaintiff contends caused the occurrence in question, *before* the accident in question?

**ANSWER:**

31.     What efforts were made by the defendant to correct the condition or defect, which plaintiff contends cause the occurrence in question, *after* the accident in question?

**ANSWER:**

32.     If the defendant corrected, repaired or fixed in any way the defect or condition which the plaintiff alleges to have been the cause of the accident in question, please state what the cost of repair was, the date the repairs were done, and the name, address and telephone number of the person or firm carrying out such repair work.

**ANSWER:**

33.     What does the defendant contend to be the condition of the premises on the occasion in question with respect to:

(a)     lighting;

(b)     repair and maintenance;

(c)     visibility;

(d)     slipperiness of walking surface;

(e)     dampness; and

(f)     physical obstructions.

**ANSWER:**

34.     Did the defendant have any procedures for regular inspection of the subject area (entryway/exit) on the premises at the time of the occurrence in question?  If so, please describe.

**ANSWER:**

35.     Please identify all photographs, motion pictures, video TV recordings, surveillance videos, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

**ANSWER:**

36.     Please state the name and address of each employee on duty at the time of the incident made the basis of this lawsuit.

**ANSWER:**

37.     Please list the names and addresses of all managers or persons having supervisory authority at the subject store in Wetumpka, Alabama, on the date of the occurrence made the basis of this suit, regardless of whether he/she was on duty at the time of the accident made the basis of this suit.

**ANSWER:**

38.     Please describe what training procedures, if any, are followed in the course of training of the defendant's employees with regard to customers' tripping and/or falling. This

includes any and all written material, slides, photographs, films, videotapes, etc. which defendant

utilizes in training its employees.

Respectfully submitted,

/s/Henry A. Lawrence, III
HENRY A. LAWRENCE, III (LAW051)
*Attorney for Plaintiff*
**WETTERMARK & KEITH, LLC**
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
P. 205-212-3348
F. 205-747-3798
Hlawrence@wkfirm.com

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

# IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

**HARRIET MURRAY, an individual,**

§
§
§

**Plaintiff,**                                           §   **CIVIL ACTION NO. _____**

§

**v.**                                                       §
§

**WALMART Inc., a corporation;**             §
§

**ABC, being the person(s), firm(s) or corporation(s) which owned, operated, or controlled the subject store/premises located at 4583 US Highway 231 in Wetumpka, Alabama on January 13, 2021;**

§
§
§
§
§
§
§

**DEF, being the person, firm, or corporation who was responsible for maintaining and keeping the entrances, exits, walkways, common areas, and/or aisles of the subject WALMART free of debris and tripping or slipping hazards at the time of the Plaintiff's injury; and**

§
§
§
§
§
§
§
§

**GHI, being the individual manager or supervisory person at the subject WALMART who was responsible for maintaining and keeping the premises free of tripping/slipping hazards at the time of the Plaintiff's injury, whose true names and legal status are unknown to the Plaintiff at this time, but who will be added by amendment as soon as ascertained,**

§
§
§
§
§
§
§
§
§
§
§

**Defendants.**

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC.

**COMES NOW** the Plaintiff, by and through undersigned counsel, and herein requests that this Defendant, WALMART, INC. (hereinafter "WALMART") produce, or make available for inspection and copying, the following documents:

1.      Any indemnity agreement between any party to this lawsuit and any nonparty which is relevant to the incident and injuries made the basis of this suit.

**RESPONSE:**

2.      Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, and service of the WALMART store in question as it pertains to premises safety/maintenance.

**RESPONSE:**

3.      Any and all photographs and/or videos that the defendant has of the scene of incident or the resulting injuries to the plaintiff.

**RESPONSE:**

4.      Any and all expert reports which have been obtained from any expert, and if a report has not been prepared, the preparation of a report is hereby requested.

**RESPONSE:**

5.      Produce a copy of each and every insurance agreement under which any entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action to indemnify or reimburse for payments made to satisfy part or all of any judgment rendered against this Defendant in this action.  Your answer should include any primary and excess insurance policies and should include all portions of the policy, including, but not

limited to, the declarations page[s], the insurance policy itself and any and all endorsements and/or riders to said policy and/or policies.

**RESPONSE:**

6.      Copies of any and all statements previously made by the plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

**RESPONSE:**

7.      Any and all drawings, maps, or sketches of the scene of the accident made the basis of this lawsuit.

**RESPONSE:**

8.      A copy of any surveillance movies, videos, or photographs which have been made of plaintiff at any time by this Defendant, at this Defendant's request, or is currently in the possession of this Defendant.

**RESPONSE:**

9.      Any and all expert reports that were or will be reviewed by a testifying expert in this case.

**RESPONSE:**

10.      Any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert.

**RESPONSE:**

11.      All documents or tangible things prepared by an expert whom you expect to call as

a witness, including, but not limited to, any report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

**RESPONSE:**

12.   Any treatises and/or authoritative literature on which any expert intends to rely in his testimony in this case.

**RESPONSE:**

13.   Copies of any/all incident report(s) of any and all similar incidents (trip/slip and fall by customer within the subject WALMART store) prepared by any and all employees of the WALMART store in question for the five (5) year period prior to the incident made the basis of this lawsuit up to and through the present date.

**RESPONSE:**

14.   A current copy of the curriculum vitae or resume of any expert who may be called to testify at trial.

**RESPONSE:**

15.   All materials including, but not limited to, employee manuals, memoranda, and/or correspondence pertaining to safety rules and/or regulations to be followed by the employees of the defendant to ensure customer safety within the defendant's store.

**RESPONSE:**

16.   All documents pertaining to maintaining clean and/or safe walkways and floors in the defendant's store.

**RESPONSE:**

17.   All site inspection reports or other documents relating to observation of site

cleanliness and/or safety of the area in which the plaintiff was injured, by any person or entity, including the defendant, for the WALMART store in question, for a period of one year prior to, and all dates subsequent to, the date of the accident made the basis of this lawsuit.

**RESPONSE:**

18.     Copies of any and all documentation pertaining to the area in which the plaintiff was injured, including, but not limited to, cleanup orders, log books, journals, and service orders relating to the cleaning and maintenance of the subject area for a period of one (1) year prior to, and all dates subsequent to, the date of the accident made the basis of this lawsuit.

**RESPONSE:**

19.     Produce any documents, reports, or other written records pertaining to any investigation that is not privileged at law. If there are documents, reports, or other written records pertaining to any investigation that is privileged at law, please produce a privilege log.

**RESPONSE:**

20.     Any and all books, documents, photographs, videos, or other tangible things which may be used at the time of the trial, which may have any bearing on this cause of action.

**RESPONSE:**

21.     Any and all documents and/or tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

**RESPONSE:**

22.     All video surveillance footage, or otherwise, depicting the Plaintiff on the Defendant's premises on the day of the subject incident, including the subject incident.

**RESPONSE:**

Respectfully submitted,

/s/Henry A. Lawrence, III
HENRY A. LAWRENCE, III (LAW051)
*Attorney for Plaintiff*
**WETTERMARK & KEITH, LLC**
100 Grandview Parkway, Suite 530
Birmingham, AL 35243
P. 205-212-3348
F. 205-747-3798
Hlawrence@wkfirm.com


**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
## Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee

$ **4.00**

Extra Services & Fees (check box, add fee as appropriate)

$ **3.25**

- ☐ Return Receipt (hardcopy)          $ _____
- ☐ Return Receipt (electronic)        $ _____
- ☐ Certified Mail Restricted Delivery $ _____
- ☐ Adult Signature Required           $ _____
- ☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

DEC 1 0 2022

Postage

$

Total Postage and Fees

$

CV-22-900283

Sent To
Walmart INC C/O CT Corporation System

Street and Apt. No., or PO Box No.
2 North Jackson St Suite 605

City, State, ZIP+4®
Montgomery AL 36104

See Reverse for Instructions

PS Form 3800, April 2015 PSN 7530-02-000-9047

7222 1890 0000 0222 7202

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

- Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
- Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
- Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 *(Reverse)* PSN 7530-02-000-9047

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WALMART, INC. C/O CT CORPORATION SYSTEM
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Halen Ferguson    12/13/22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

CV-22-900283

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ Mail
☐ _____ ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9402 7810 2152 5074 57

2. Article Number (Transfer from service label)

7021 2720 0002 0381 7224

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

USPS TRACKING #

MONTGOMERY AL 360

14 DEC 2022 PM 3 L

9590 9402 7810 2152 5074 57

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Michael Dozier, Circuit Clerk
P.O. Box 310
Wetumpka, AL 36092

92-000610

ELECTRONICALLY FILED
1/9/2023 11:03 AM
29-CV-2022-900283.00
CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA
MICHAEL DOZIER, CLERK

## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | |
|---|---|
| **HARRIET MURRAY, an individual,** § | |
| § | |
| § | |
| **Plaintiff,** § | **CIVIL ACTION NO. _____** |
| § | |
| **v.** § | |
| § | |
| **WALMART Inc., a corporation;** § | |
| § | |
| **KIM WALKER, an individual;** § | |
| § | |
| **ABC, being the person(s), firm(s) or** § | |
| **corporation(s) which owned, operated, or** § | |
| **controlled the subject store/premises** § | |
| **located at 4583 US Highway 231 in** § | |
| **Wetumpka, Alabama on January 13,** § | |
| **2021;** § | |
| § | |
| **DEF, being the person, firm, or** § | |
| **corporation who was responsible for** § | |
| **maintaining and keeping the entrances,** § | |
| **exits, walkways, common areas, and/or** § | |
| **aisles of the subject WALMART free of** § | |
| **debris and tripping or slipping hazards at** § | |
| **the time of the Plaintiff's injury; and** § | |
| § | |
| **GHI, being the individual manager or** § | |
| **supervisory person at the subject** § | |
| **WALMART who was responsible for** § | |
| **maintaining and keeping the premises** § | |
| **free of tripping/slipping hazards at the** § | |
| **time of the Plaintiff's injury, whose true** § | |
| **names and legal status are unknown to the** § | |
| **Plaintiff at this time, but who will be** § | |
| **added by amendment as soon as** § | |
| **ascertained,** § | |
| § | |
| **Defendants.** § | |

## AMENDED COMPLAINT

### I.  PARTIES

1.      The Plaintiff, HARRIET MURRAY, is an individual resident of Eclectic, Alabama.

2.      The Defendant, WALMART INC. (hereinafter referred to as "WALMART"), is a corporation which regularly does business in Elmore County, Alabama.

3.      The Defendant, KIM WALKER, is upon information and belief a resident of Elmore County. At all times relevant to this action, KIM WALKER was the general manager of the subject Walmart store located in Wetumpka, AL within Elmore County.

4.      The incident which forms the basis of this case occurred upon the WALMART premises located at 4583 US Highway 231 in Wetumpka, Alabama within Elmore County.

5.      It is upon the information and belief of the Plaintiff that the fictitious Defendants, ABC, DEF, and GHI are individual citizens and/or corporate entities doing business in the State of Alabama and within Elmore County at the time of the incident(s) made the basis of this action.

### II.  FACTS

6.      On or about January 13, 2021, the Plaintiff, HARRIET MURRAY, was a business invitee on the premises of the subject WALMART.

7.      As HARRIET MURRAY was attempting to exit the store, she was caused to trip over a metal (door) threshold that was sticking up in the high traffic entryway/exit area of the subject store/building.

8.      As a direct and proximate result of this metal threshold sticking upwards, she tripped, fell, and sustained severe and permanent injuries which led to multiple facial/eye surgeries.

### III.  FIRST CAUSE OF ACTION - NEGLIGENCE/WANTONNESS
### (WALMART, KIM WALKER and Fictitious Defendants ABC, DEF, GHI)

9.      Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

10.     The Plaintiff avers that all of her injuries and damages were proximately caused by the negligence and/or wantonness of the Defendant, WALMART, KIM WALKER, and/or Defendant(s) ABC, DEF, GHI and/or their agents, servants, or employees while acting within the line and scope of their employment for the Defendant(s).

11.     At the time of the incident which is the subject of this action, HARRIET MURRAY was a business invitee on the subject WALMART premises.  All of her injuries and damages were caused by the negligent and/or wanton failure of the Defendant(s), WALMART, KIM WALKER, and/or Defendant(s) ABC, DEF, and/or GHI to use reasonable care to provide HARRIET MURRAY with a reasonably safe environment and by not removing and/or curing the dangerous condition that the Defendant(s) created, by permitted the dangerous condition to exist, and/or by not discovering the dangerous condition in a reasonable timeframe to remove/cure/remedy the dangerous condition.

### VIII.  CAUSATION / DAMAGES

12.     As a direct and proximate result of the negligent and wanton acts or omissions of the Defendant(s), the Plaintiff suffered physically and emotionally, and now seeks to recover for the following injuries and damages:

      (a)     Past medical expenses;

      (b)     Future medical expenses;

      (c)     Past and future wage loss including permanent impairment of earning capacity;

(d)     Permanent physical disability;

(e)     Past and future physical pain and mental anguish; and

(f)     All costs and interest(s) allowable by law

(g)     All other damages allowed by law, and/or deemed appropriate and equitable

by this Honorable Court.

## IX.  JURY DEMAND

13.     **The Plaintiff respectfully demands trial by jury.**

Respectfully submitted,

/s/ Henry A. Lawrence, III
HENRY A. LAWRENCE, III (LAW051)
*Attorney for Plaintiff*
**WETTERMARK KEITH**
100 Grandview Place
Suite 530
Birmingham, AL 35243
P. (205) 212-3348
F. (205) 747-3798
E. HLawrence@wkfirm.com

## PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL

WALMART INC.
C/O CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

## PLAINTIFF WILL SERVE DEFENDANT KIM WALKER IN PERSON

ELECTRONICALLY FILED
1/12/2023 5:18 PM
29-CV-2022-900283.00
CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA
MICHAEL DOZIER, CLERK

## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | | |
|---|---|---|
| HARRIET MURRAY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action Number 29-CV-2022-900283 |
| | ) | |
| WALMART INC., | ) | |
| JUDY CORDELL, et al. | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF APPEARANCE

COME NOW the undersigned, Julie D. Pearce of Gaines Gault Hendrix P.C., and respectfully enters her name as counsel of record for Walmart Inc.

Respectfully Submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Attorney for Defendant
Walmart Inc.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Blvd., Suite 200
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 12th day of January, 2023.

Henry A. Lawrence, III
WETTERMARK & KEITH, LLC
100 Grandview Parkway, Suite 530
Birmingham, Alabama 35243

/s/ Julie D. Pearce
OF COUNSEL

1

ELECTRONICALLY FILED
1/12/2023 5:18 PM
29-CV-2022-900283.00
CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA
MICHAEL DOZIER, CLERK

## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | |
|---|---|
| HARRIET MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action Number 29-CV-2022-900283 |
| | ) |
| WALMART INC., | ) |
| JUDY CORDELL, et al. | ) |
| | ) |
| Defendants. | ) |

## ANSWER FOR WALMART INC.

COMES NOW, Walmart Inc., and in response to the Plaintiff's Complaint, states as follows:

## I. PARTIES

1.      This Defendant is without sufficient information as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.

2.      Admitted.

3.      Denied. Defendant demands strict proof thereof.

4.      Upon information and belief, admitted.

5.      This paragraph does not require a response from this Defendant; however, to the extent a response is deemed required, Defendant denies these allegations and demands strict proof thereof.

## II. FACTS

6.      Defendant does not know the reason for which Plaintiff was on its property on the date in question. Further, this paragraph calls for a legal conclusion Defendant is not able to render. Therefore, these allegations are denied, and Defendant demands strict proof thereof.

7.      Denied. Defendant demands strict proof thereof.

1

8.      Denied. Defendant demands strict proof thereof.

### III. FIRST CAUSE OF ACTION – NEGLIGENCE/WANTONNESS
**WALMART, JUDY CORDELL and Fictitious Defendants ABC, DEF, GHI)**

9.      This paragraph does not require a response from this Defendant; however, to the extent a response is deemed required, Defendant denies these allegations and demands strict proof thereof.

10.     Denied. Defendant demands strict proof thereof.

11.     Defendant does not know the reason for which Plaintiff was on its proper on the date in question. Additionally, this paragraph calls for a legal conclusion this Defendant is not able to render. With regard to the remaining allegations in this paragraph, Defendant denies these allegations and demands strict proof thereof.

### IV. CAUSATION/DAMAGES

12.     Denied. Defendant demands strict proof thereof.

### V. JURY DEMAND

13.     This paragraph does not require a response from this Defendant.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and is therefore due to be dismissed.

### SECOND DEFENSE

Defendant denies each and every averment of the Complaint not specifically admitted herein.

## THIRD DEFENSE

Defendant denies that it was guilty of negligence as alleged in the Complaint and further denies that any conduct or omission on its part proximately caused or contributed to the injures and damages alleged in the Complaint.

## FOURTH DEFENSE

Defendant alleges that the incident complained of was proximately caused by an independent, intervening or superseding act or omission, and not by any acts or omissions attributable to the Defendant.

## FIFTH DEFENSE

Defendant alleges that the Plaintiff is guilty of contributory negligence in connection with the claims asserted in the Complaint, which negligence proximately caused or contributed to the injuries and damages asserted in her Complaint.

## SIXTH DEFENSE

Defendant denies that it had actual or constructive notice of any dangerous or defective condition on its premises, if any, as alleged in the Complaint.

## SEVENTH DEFENSE

Defendant asserts that Plaintiff assumed the risk of the injuries and damages about which she complains.

## EIGHTH DEFENSE

Defendant denies breaching any duty owed to Plaintiff, if any.

## NINTH DEFENSE

Defendant asserts that to the extent any hazardous condition existed, it was or should have been open and obvious to Plaintiff.

**TENTH DEFENSE**

Defendant avers Plaintiff has failed to mitigate her damages.

**ELEVENTH DEFENSE**

Defendant denies that Plaintiff was injured to the nature and extent claimed in the Complaint and demands strict proof thereof.

**TWELFTH DEFENSE**

To the extent that any hazard may have existed on the premises, Defendant properly warned of such.

**THIRTEENTH DEFENSE**

Defendant asserts Ala. Code §12-21-45 (1975), pursuant to <u>Dixie Marsh v. Rodgers Green, M.D.</u>, 782 So. 2d 223 (Ala. 2000), to the extent Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be, reimbursed or paid, either in part or in full.

**FORTEENTH DEFENSE**

Defendant denies that any conduct or admission attributable to it was wanton in nature.

**FIFTEENTH DEFENSE**

Defendant denies that it was in any way negligent with regard to its hiring, training, or supervision of its employees.

**SIXTEENTH DEFENSE**

Defendant denies that it was in any way wanton with regard to its hiring, training, or supervision of its employees.

**SEVENTEENTH DEFENSE**

Defendant denies that it liable to the Plaintiff pursuant to the doctrine of Respondeat Superior.

## <u>EIGHTEENTH DEFENSE</u>

With regard to any claims for punitive damages, to the extent they are made, Defendant pleads the following punitive damages defenses.

1.      Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

a.      It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof, which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.      The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h.      The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding such damages.

2.      Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such award; and

e.      The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.      Plaintiff's attempt to impose punitive or extra contractual damages on this Defendant, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.      The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.      The award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

7.      A punitive damages award violates due process when it is "grossly excessive" in relation to the State's legitimate interests in punishing unlawful conduct and deterring its repetition. BMW of North Am. v. Gore, U.S.___, 116 S. Ct. 1589 (1996).

8.      This Defendant did not receive adequate notice of the magnitude of the sanction that the State may impose.  BMW of North Am. v. Gore, U.S.___, 116 S. Ct. 1589 (1996).

9.      This Defendant's conduct was not sufficiently reprehensible to support an award of punitive damages. BMW of North Am. v. Gore, U.S.___, 116 S. Ct. 1589 (1996).

10.     Any award of punitive damages based on the amount of the Plaintiff's alleged compensatory damages would be excessive. <u>BMW of North Am. v. Gore</u>,  U.S.___, 116 S. Ct. 1589 (1996).

11.     This Defendant's conduct was not sufficiently egregious to justify a punitive sanction against it. <u>BMW of North Am. v. Gore</u>, U.S.___, 116 S. Ct. 1589 (1996).

## NINETEENTH DEFENSE

Defendant asserts that its premises were properly maintained at all times.

## TWENTIETH DEFENSE

Defendant reserves the right to amend its Answer as future discovery or investigation may indicate.

Respectfully Submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Attorney for Defendant
Walmart Inc.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Blvd., Suite 200
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 12th day of January, 2023.

Henry A. Lawrence, III
WETTERMARK & KEITH, LLC
100 Grandview Parkway, Suite 530
Birmingham, Alabama 35243

/s/ Julie D. Pearce
OF COUNSEL

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>29-CV-2022-900283.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA**
**HARRIET MURRAY V. WALMART, INC. C/O CT CORPORATION SYSTEM ET AL**

**NOTICE TO:** KIM WALKER, 4538 US-231, WETUMPKA, AL 36092
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
HENRY ANDREW LAWRENCE III
_____
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 100 GRANDVIEW PLACE, SUITE 530, BIRMINGHAM, AL 35243
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                    *(Name(s))*

| 01/09/2023 | /s/ MICHAEL DOZIER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.
_____
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

KIM WALKER in ELMORE County,
*(Name of Person Served)* *(Name of County)*

Alabama on 01·17·2023.
*(Date)*

100 GRANDVIEW PLACE # 530
*(Address of Server)*

I WESTGATE                     BIRMINGHAM, AL 35243
*(Type of Process Server)*  *(Server's Signature)*

JOHN STEPHEN                   (205) 933·9500
*(Server's Printed Name)*  *(Phone Number of Server)*

**29-CV-2022-900283.00**
HARRIET MURRAY V. WALMART, INC. C/O CT CORPORATION SYSTEM ET AL

| C001 - MURRAY HARRIET | v. | D003 - KIM WALKER |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

**SERVICE RETURN COPY**

ELECTRONICALLY FILED
1/18/2023 3:22 PM
29-CV-2022-900283.00
CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA
MICHAEL DOZIER, CLERK

ELECTRONICALLY FILED
1/19/2023 2:24 PM
29-CV-2022-900283.00
CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA
MICHAEL DOZIER, CLERK

## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | |
|---|---|
| HARRIET MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Civil Action Number 29-CV-2022-900283 |
| | ) |
| WALMART INC., | ) |
| JUDY CORDELL, et al. | ) |
| | ) |
| Defendants. | ) |

## NOTICE TO CLERK OF SERVING DISCOVERY

TO:    Circuit Court Clerk
        Elmore County Courthouse

Please take notice that the following discovery documents have been served on behalf of

Defendants:

- **Defendant's First Set of Interrogatories to Plaintiff**
- **Defendant's First Request for Production to Plaintiff**
- **Defendant's Notice of Deposition of Plaintiff, Harriet Murray**

Respectfully Submitted,


/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Attorney for Defendant
Walmart Inc.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Blvd., Suite 200
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 19th day of January, 2023.

Henry A. Lawrence, III
WETTERMARK & KEITH, LLC
100 Grandview Parkway, Suite 530
Birmingham, Alabama 35243

/s/ Julie D. Pearce
OF COUNSEL

ELECTRONICALLY FILED
1/19/2023 2:38 PM
29-CV-2022-900283.00
CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA
MICHAEL DOZIER, CLERK

## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | |
|---|---|
| **HARRIET MURRAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action Number 29-CV-2022-900283** |
| | ) |
| **WALMART INC.,** | ) |
| **JUDY CORDELL, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT'S MOTION FOR A QUALIFIED PROTECTIVE ORDER PURSUANT TO 45 C.F.R. § 164.512 (3)

COMES NOW Walmart Inc., named as the Defendant in the above referenced action, and requests that this Honorable Court enter, pursuant to 45 C.F.R. § 164.512(3), a Protective Order, allowing the Defendant to obtain information from the Plaintiff's health care providers and health care plans.  In support of this motion, the Defendant states as follows:

1.      The Plaintiff's physical condition and her medical expenses are at issue in this litigation.  In his complaint, the Plaintiff alleges to have sustained personal injuries and incurred medical treatment and costs as a result of the Defendant's conduct.

2.      The Defendant is entitled to issue subpoenas to the Plaintiff's health care providers and health care plans requesting information and documentation regarding the Plaintiff's medical records and charges for medical treatment.

3.      The Defendant anticipates that the Plaintiff's health care providers and health care plans are subject to the privacy requirements set forth at 45 C.F.R. § 164.512 and are prohibited from disclosing information regarding the Plaintiff absent a Qualified Protective Order, issued pursuant to 45 C.F.R. § 164.512(3).

4.      The Defendant asserts that should this Honorable Court enter a Protective Order, any information the Defendant receives from the Plaintiff's health care providers and/or health care plans will be used exclusively, and disclosed only for the purpose of this litigation.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Honorable Court enter a Protective Order, pursuant to 45 C.F.R. § 154.512(3), authorizing the Plaintiff's health care providers and health care plans to disclose protected heath information the parties for the purposes of this litigation only.

## ORAL ARGUMENT NOT REQUESTED

Respectfully Submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Attorney for Defendant
Walmart Inc.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Blvd., Suite 200
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 19th day of January, 2023.

Henry A. Lawrence, III
WETTERMARK & KEITH, LLC
100 Grandview Parkway, Suite 530
Birmingham, Alabama 35243

/s/ Julie D. Pearce
OF COUNSEL

ELECTRONICALLY FILED
1/19/2023 2:38 PM
29-CV-2022-900283.00
CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA
MICHAEL DOZIER, CLERK

## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | | |
|---|---|---|
| MURRAY HARRIET, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:    CV-2022-900283.00 |
| | ) | |
| WALMART, INC. C/O CT CORPORATION SYSTEM, | ) | |
| CORDELL JUDY, | ) | |
| WALKER KIM, | ) | |
| Defendants. | ) | |

### Qualified Protective Order

Counsel for all parties are hereby granted the right, upon compliance with the applicable provisions of the Alabama Rules of Civil Procedure, to obtain from all health care providers and health plans all information relating to the past, present, or future physical condition of any individual who is a party to the case (or, the decedent of a party) as well as all information relating to the provision of health care to such individual and payment for the provision of such health care. This Protective Order is intended to assist the parties and third parties who receive subpoenas from the parties comply with the requirements of the federal HIPAA Privacy Rules, 45 C.F.R. § 164.512(e), AS A "QUALIFIED PROTECTIVE ORDER" UNDER THAT REGULATION. This Protective Order expressly authorizes disclosure of "Protected Health Information" as defined in the Privacy Rules by the parties and third parties to counsel for the parties, subject to timely objection according to the notice provision of Ala. R. Civ. P. 45. The Parties and counsel for the Parties may use and disclose such information for the purpose of this proceeding only and are to return or destroy such information (including all copies made) at the end of this proceeding.

**DONE this[To be filled by the Judge].**

**/s/[To be filled by the Judge]**
**CIRCUIT JUDGE**



ELECTRONICALLY FILED
1/19/2023 3:24 PM
29-CV-2022-900283.00
CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA
MICHAEL DOZIER, CLERK

## IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

MURRAY HARRIET,                          )
Plaintiff,                               )
                                         )
V.                                       )   Case No.:      CV-2022-900283.00
                                         )
WALMART, INC. C/O CT                     )
CORPORATION SYSTEM,                      )
CORDELL JUDY,                            )
WALKER KIM,                              )
Defendants.                              )

## Qualified Protective Order

Counsel for all parties are hereby granted the right, upon compliance with the applicable provisions of the Alabama Rules of Civil Procedure, to obtain from all health care providers and health plans all information relating to the past, present, or future physical condition of any individual who is a party to the case (or, the decedent of a party) as well as all information relating to the provision of health care to such individual and payment for the provision of such health care. This Protective Order is intended to assist the parties and third parties who receive subpoenas from the parties comply with the requirements of the federal HIPAA Privacy Rules, 45 C.F.R. § 164.512(e), AS A "QUALIFIED PROTECTIVE ORDER" UNDER THAT REGULATION. This Protective Order expressly authorizes disclosure of "Protected Health Information" as defined in the Privacy Rules by the parties and third parties to counsel for the parties, subject to timely objection according to the notice provision of Ala. R. Civ. P. 45. The Parties and counsel for the Parties may use and disclose such information for the purpose of this proceeding only and are to return or destroy such information (including all copies made) at the end of this proceeding.

**DONE this 19th day of January, 2023.**

**/s/ J. AMANDA BAXLEY**
**CIRCUIT JUDGE**