IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| HARRIET MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:23cv98-MHT |
| | ) | (WO) |
| WALMART INC. and | ) | |
| KIM WALKER, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

After plaintiff Harriet Murray filed this
personal-injury case in Alabama state court, defendants
Walmart Inc. and Kim Walker removed the case to this
court asserting diversity-of-citizenship jurisdiction
under 28 U.S.C. § 1332. This case is now before the
court for determination of whether the court has
subject-matter jurisdiction. In the notice of removal,
defendants assert that the court has diversity
jurisdiction because defendant Walker--although a
citizen of the same State as plaintiff Murray--was
fraudulently joined. For the reasons that follow, the

court finds that it does have subject-matter jurisdiction and that Walker was fraudulently joined.

In her amended complaint, Murray pleads a claim of negligence and/or wantonness against the defendants stemming from a January 13, 2021, incident in which she tripped on a metal door threshold that was sticking up above the floor in the vestibule to a Walmart. *See* Amended Complaint (Doc. 1-2) at 27-30. She alleges that, due to the raised metal threshold, she fell and suffered severe, permanent injuries and underwent multiple facial/eye surgeries to treat those injuries. She further alleges that at all relevant times Walker was the general manager of the Walmart store where the fall occurred but contains no specific allegations of any actions Walker took that caused the fall.

According to the complaint, both plaintiff Murray and defendant Walker are 'residents' of Alabama. Therefore, on the face of the complaint, complete diversity of the parties does not exist, and the amended complaint was not removable on its face. *See*

2

*Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.' (citations omitted)).

Nevertheless, a removing defendant may establish diversity jurisdiction if it proves that a nondiverse defendant was fraudulently joined in the complaint. *See Coker*, 709 F.2d at 1440.   "To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).*  In this case,

_____

   * A third type of fraudulent joinder, not at issue here, is "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim

defendants assert that the first type of fraudulent joinder applies in that there is no possibility of a cause of action against Walker. This is a difficult burden to meet: "If there is even a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

In support of their claim of fraudulent joinder, defendants have submitted a sworn affidavit by Walker attesting that, while she is currently employed as the store manager at the Walmart where Murray's fall occurred, she was not employed there when Murray fell, had not been employed there prior to the date of the fall, and did not begin to work there until more than a

---

against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

year later; also, she was a resident of Florida at the time. *See* Affidavit of Kim Walker (Doc. 1-3) at 2. Though given an opportunity to do so, Murray has filed no response.

The court concludes that defendants have established by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Stillwell*, 663 F.3d at 1332. The complaint premises Walker's liability entirely on her employment as the store manager of the Walmart where the accident occurred. Because the evidence establishes that Walker was not employed at the Walmart store on the date of Murray's fall or at any time prior to her fall, Murray cannot establish a cause of action against Walker. Therefore, the court finds that Walker was fraudulently joined, and all claims against her will be dismissed from this action.

Further, the court finds that, in light of the fraudulent joinder of Walker, there is diversity of

citizenship in this case.  As pleaded in the notice of removal, plaintiff Murray is a citizen of Alabama, and defendant Walmart is a citizen of Delaware and Arkansas.

Of course, even when all parties are diverse, diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  The complaint here does not seek a sum certain.  Where "a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000)).

The court finds that the amount in controversy has been established by a preponderance of evidence.  In

6

the amended complaint, Murray alleges that she sustained severe and permanent injuries to her eye that led to multiple surgeries. She seeks damages for past and future medical costs; "[p]ast and future wage including permanent impairment of earning capacity' ... [p]ermanent physical disability; [and a]ll other damages allowed by law." Amended Complaint (Doc. 1-2) at 29-30. These allegations may be enough on their face to establish that more than $ 75,000 is at issue. But in addition, defendants have submitted evidence in the form of a settlement demand letter from Murray's counsel that provides photographs and detail about her vision problems and demands $ 250,000 as a settlement. *See* Settlement Demand Letter (Doc. 1-4). "While this settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Furthermore, the settlement letter is well reasoned and documented and the demand is not "grossly inconsistent with [Murray's] ... alleged damages." *Id.* Accordingly, the court

7

gives it some weight.  Given the importance of eyesight to daily life, the court concludes that the amount in controversy from Murray's perspective is more than $ 75,000, and that it has diversity jurisdiction over this case.

Accordingly, it is ORDERED that:

(1) Plaintiff Harriet Murray's claims against defendant Kim Walker are dismissed with prejudice, and said defendant is terminated as a party.

(2) Defendants' motion to dismiss defendant Walker (Doc. 2) is denied as moot.

DONE, this the 28th day of June, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

8